IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:14-CV-303-CDL |
| | : | |
| COLUMBUS GEORGIA POLICE DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER DENYING
### MOTION TO PROCEED IFP

On December 29, 2014, Plaintiff filed an action claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e, *et al.*  (ECF No. 1.)  On the same day, Plaintiff also filed an application to proceed *in forma pauperis* (IFP).  (ECF No. 2.)  Plaintiff's initial application to proceed IFP was incomplete, and the Court ordered Plaintiff to re-file a complete application.  Plaintiff filed his amended application on January 13, 2015.  (ECF No. 4.)  For the reasons described below, Plaintiff's motion is denied.  If Plaintiff wishes to proceed in this action, he must pay the full $400.00 filing fee within fourteen (14) days.

### DISCUSSION

Plaintiff moves to proceed without paying a filing fee in this case pursuant to 28 U.S.C. § 1915.  Section 1915 provides that a court may authorize a person to proceed in her action without the prepayment of fees so long as that person is "unable to pay such

fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). However, "[t]here is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam);[1] *see also, e.g., Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").

A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP. In exercising this discretion, a district court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted). While an applicant for IFP status need not show that he is "absolutely destitute," he must sufficiently establish that he "is unable to pay for the court fees and costs, and [is unable] to support and provide necessities for himself and his dependents." *Id.* (citations omitted).

Plaintiff's application to proceed IFP fails to satisfy the requirement of poverty. In his application, Plaintiff states that he receives a monthly salary of $3,000, and earns

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

$658 per month via self-employment and real property income. (Appl. to Proceed IFP 1, ECF No. 2.) Additionally, Plaintiff avers that he expects to receive $300 more in income next month from some type of retirement payment. (*Id*. at 2.) Plaintiff consequently has an approximate yearly income of $47,496. Additionally, Plaintiff states that his monthly income exceeds his enumerated monthly expenses by approximately $1,205. (*Id.* at 4-5.) Plaintiff's income is well over the 2014 Poverty Guideline of $31,970 for a six person household.[2] *See* 2014 HHS Poverty Guidelines, 79 Fed. Reg. 3593, 3593-94 (Jan. 22, 2014); *see also Martinez*, 364 F.3d at 1307 n.7 (referring to poverty levels). Plaintiff's application and affidavit fail to show that he is unable to pay the filing fee or support himself. Consequently, Plaintiff's motion to proceed IFP is denied.

## CONCLUSION

For the aforementioned reasons, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2, 4) is denied. Plaintiff has fourteen days within which to pay the filing fee or his action will be dismissed.

SO ORDERED, this the 13th day of January, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

---

[2] Plaintiff states on the Application that he has five minor children who rely on him for support. (Appl. to Proceed IFP 3.) Plaintiff later claims, however, that he visits these five children in New Jersey and New York every month. (*Id*. at 5.) Plaintiff also claims that he pays $856 every month in "alimony, maintenance, and support paid to others." (*Id*. at 4.) It is not clear if Plaintiff has included the $500-800 "monthly obligation to travel to New Jersey and New York" to visit his children in his list of expenses. Regardless, even if another $800/month is included in his expenses, Plaintiff's monthly income still exceeds his expenses by $405.